IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## WAYNE MILES v. WARDEN, FRED J. RANEY

**Direct Appeal from the Circuit Court for Lake County**
**No. 01-CR-8107    R. Lee Moore, Jr., Judge**

_____

**No. W2001-00718-CCA-R3-CD - Filed November 16, 2001**

_____

Petitioner,Wayne Miles, appeals as of right from the trial court's dismissal of his petition for habeas corpus relief.  Petitioner argues that he is being illegally detained because his convictions are void.  After a thorough review of the record, we affirm the trial court's dismissal of the Petition for Writ of Habeas Corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined.  ROBERT W. WEDEMEYER, J., not participating.

Wayne Miles, Pro Se, for the appellant..

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Chris Vickers, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 23, 1992, Petitioner was convicted by a Robertson County jury on three counts of sale of cocaine, a Class B felony.  At the time, the applicable statute provided that " It is an offense for a defendant to knowingly: (1) Manufacture a controlled substance; (2) Deliver a controlled substance;  (3) Sell a controlled substance;  or (4) Possess a controlled substance with intent to manufacture, deliver or sell such controlled substance." Petitioner was originally charged with three additional counts of delivery of cocaine, but these charges were dismissed.  Subsequent to the trial court's denial of his petition for habeas corpus relief, Petitioner filed a motion to rehear.  This was also denied, which led Petitioner to file a timely appeal to this Court.

**Analysis**

Petitioner contends that he is entitled to habeas corpus relief because his conviction is void. Specifically, he argues that the trial court lacked jurisdiction to convict him because each count of the indictment was fatally defective and insufficient as a matter of law because they failed to include the culpable mental state, "knowingly" for the charged offense. We disagree.

It is well-established in Tennessee that habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or when a defendant's sentence has expired and the defendant is being illegally restrained. See Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993); Johns v. Bowlen, 942 S.W.2d 544, 546 (Tenn. Crim. App. 1996). A habeas corpus petition may only be used to contest void, as opposed to voidable, judgments. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or statutory authority to render the judgment or the defendant's sentence has expired." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn.1998); Archer, 851 S.W.2d at 161-64; Taylor v. State, 995 S.W.2d 78. "A voidable judgment is one that is facially valid and requires proof of its voidableness beyond the face of the record or judgment". Dykes, 978 S.W.2d at 529.

Petitioner's challenge of the indictment was properly addressed in a writ of habeas corpus. See id. The indictment for counts 1, 3, and 5 state that on three separate occasions, the defendant:

> unlawfully did sell a controlled substance, to wit: Cocaine as classified in section 39-17-408 of the Tennessee Code Annotated, to a confidential informant, in violation of TCA 39-17-417 and against the peace and dignity of the State of Tennessee.

In State v. Wilson, 31 S.W.3d 189, 192 (Tenn. 2000), a case involving the same statute, the Supreme Court held that indictments are legally sufficient if they reference the appropriate statute which provides a defendant with adequate notice of the required mental state for the offense. See also State v. Carter, 988 S.W.2d 145 (Tenn. 1999); Ruff v. State, 978 S.W.2d 95, 100 (Tenn.1998). An omission of the culpable mental state in an indictment does not render the judgment void when the indictment fulfills its constitutional and statutory purposes. See Wilson, 31 S.W.3d at 192. (citing State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997)); State v. Stokes, 954 S.W.2d 729, 730 (Tenn. 1997). "Where the constitutional and statutory requirements outlined in Hill, [954 S.W.2d 725 (Tenn. 1997)] are met, an indictment that cites the pertinent statute and uses its language would be sufficient to support a conviction." Wilson, 31 S.W.3d at 192; Carter, 988 S.W.2d at 145; State v. Smith, 996 S.W.2d 845, 848 (Tenn. Crim. App. 1999).

The counts of the indictment in the present case are legally sufficient because they meet all three constitutional standards outlined in Hill by providing adequate notice, sufficient basis for entry of judgment and protection from double jeopardy. Each count stated that Petitioner "unlawfully did sell a controlled substance . . . [c]ocaine" This language satisfies all three requirements because it plainly states the offense charged for adequate notice and entry of judgment, and provides

constitutional protection against future charges for the same crime. Each count also satisfied the statutory requirements because the language therein was clear, concise, and understandable "as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment". Tenn. Code Ann. § 40-13-202 (Supp. 2000). The counts of the indictment did not spell out the culpable mens rea of "knowingly", but by referencing Tennessee Code Annotated section 39-17-417, Petitioner was provided with adequate notice and could logically infer the required mens rea for the offense.

While a valid indictment is an "essential jurisdictional element", and a defective indictment may deprive a court of jurisdiction, Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn.1998), we find that these counts of the indictment provided adequate notice of the required mens rea, and were legally sufficient to vest the trial court with jurisdiction. Therefore, Petitioner is not entitled to habeas corpus relief.

### Conclusion

For the reasons stated, we affirm the judgment of the circuit court.

_____
THOMAS T. WOODALL, JUDGE