IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2003

**DONALD W. RHEA, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13019     Stella Hargrove, Judge**

---

**No. M2003-01034-CCA-R3-CO - Filed February 24, 2004**

---

The petitioner, Donald W. Rhea, Jr., pled guilty in the Davidson County Criminal Court to robbery and attempted robbery and received a nine-year sentence. Subsequently, the petitioner filed for habeas corpus relief in the Wayne County Circuit Court, alleging that his sentence was illegal and that the indictments underlying his conviction were fatally defective. The trial court dismissed the habeas corpus petition and the petitioner timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Donald W. Rhea, Jr., Clifton, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

The petitioner was indicted on count one for aggravated robbery and count two for attempted aggravated robbery. Ultimately, he pled guilty to robbery and attempted robbery and received a total effective sentence of nine years incarceration in the Tennessee Department of Correction. On direct appeal, this court summarized the facts underlying the petitioner's pleas in the following manner:

> [I]n July 1999, fourteen-year-old Trad Staecker, accompanied by his mother, Deborah, attended a late night movie. Enroute home, Mrs. Staecker stopped at a service station to purchase gasoline. As Trad Staecker pumped the gasoline, he noticed the [petitioner]

rummaging through a blue car that was parked behind their own vehicle on the service station premises. The [petitioner] approached the Staeckers and asked for a cigarette. When the Staeckers informed the [petitioner] that they did not smoke, the [petitioner] demanded money. Mrs. Staecker replied that she only had a checkbook. The [petitioner] then became violent and threatened to "blow up the F--ing car." Mrs. Staecker stated that she was going to call the police. The [petitioner] replied, "Oh, you can't do a damn thing about it. You don't know who I am. The police can't do a goddamn thing about it."

Trad Staecker went toward the gas station in an attempt to get help. However, the station attendant had locked all of the doors, preventing Trad from entering the station. Nonetheless, Trad continued to shout for the attendant to call the police. Meanwhile, Mrs. Staecker was attempting to obtain the license plate number from the [petitioner's] vehicle. The [petitioner] attacked Mrs. Staecker, knocking her to the ground. He then took her checkbook and began choking her. When Trad became aware of his mother's situation, he immediately returned to confront her attacker. The [petitioner] warned Trad that "he had a knife and that he would kill the two of [them] right then and there."

A bystander came forward and ordered that the [petitioner] "leave that woman and her child alone." At this point, the attendant unlocked the doors enabling Trad and Mrs. Staecker to enter the station. Two UPS employees also approached, shouting at the [petitioner] to "leave them alone." The [petitioner] then dropped the checkbook and fled behind a Waffle House restaurant.

The [petitioner] was found hiding behind the Waffle House where he was arrested. At the time police took him into custody, the [petitioner] was armed with "two knives and a putty knife." Even after his arrest, the [petitioner] continued with his threats to kill the Staeckers.

State v. Donald W. Rhea, Jr., No. M2000-02299-CCA-R3-CD, 2001 WL 849538, at *1 (Tenn. Crim. App. at Nashville, July 27, 2001). On appeal, this court affirmed the judgments of the trial court.

Thereafter, the petitioner, acting pro se, filed a petition for habeas corpus relief. In his petition, the petitioner contended, among other things, that "the evidence actually adduced . . . does not support the allegations set forth in the indictment," namely that the State could not establish the

kind of weapon used during the offenses. Additionally, the petitioner complained that his judgment of conviction on count two, while specifying that he pled guilty to attempted robbery, referenced Tennessee Code Annotated section 39-13-402 (1997), the aggravated robbery statute, as the appropriate code section. The petitioner argued that he pled guilty to attempted robbery, not attempted aggravated robbery, and thus the judgment of conviction on that count was fatally flawed.

The trial court dismissed the petition, finding that the petitioner "has waived any claims regarding the validity of the indictment by pleading guilty." Additionally, the trial court found that the notation on the judgment referencing Tennessee Code Annotated section 39-13-402 was a clerical error which could be corrected at any time. The petitioner now appeals this ruling, seeking habeas corpus relief.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

In the instant case, the trial court found that when the petitioner pled guilty, he waived any complaints regarding the indictments. "The principle is well-settled in Tennessee jurisprudence that the voluntary entry of an informed and counseled guilty plea constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the guilty plea." State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999); see also Tenn. R. Crim. P. 12(b)(2); State v. Smith, 996 S.W.2d 845, 846-47 (Tenn. Crim. App. 1999). Upon our examination of the record, we can discern no jurisdictional defects in the indictments. Accordingly, we agree with the trial court that the petitioner waived any alleged defects in the indictment by pleading guilty.

As we have noted, the petitioner also complains that the judgment for his attempted robbery conviction reflects that he was convicted of attempted robbery, but cites the aggravated robbery statute as the code section underlying the offense. The judgment also indicates that the offense was a Class C felony. The State contends that the listing of the incorrect code section and the incorrect class of the offense was merely a clerical error and does not serve to render the judgment for that offense void.

Tennessee Rule of Criminal Procedure 36 provides that "[c]lerical mistakes in judgments . . . may be corrected by the court at any time." This court has stated:

> In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered.

State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. at Knoxville, Nov. 15, 1995).

In the instant case, the trial court found, "Based on the plea agreement attached to petitioner's pleading, it is clear the discrepancies are clerical errors subject to correct[ion] at any time." Upon our examination of the record, we note that the petitioner's guilty pleas provide that the petitioner pled guilty on count two to attempted robbery, a Class D felony. Thus, we conclude that the incorrect markings are merely clerical errors which do not render the petitioner's attempt conviction void. The petitioner is not entitled to habeas corpus relief on this issue.[1] See Ronald W. Rice v. David Mills, No. E2003-00328-CCA-R3-PC, 2003 WL 21972930, at *3 (Tenn. Crim. App. at Knoxville, Aug. 19, 2003), perm. to appeal denied, (Tenn. 2004).

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

---

[1] Generally, clerical errors may be remedied by filing a motion for correction under Rule 36 of the Tennessee Rules of Criminal Procedure.