# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### KEVIN JOSEPH KARR v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13517      Robert L. Jones, Judge**

---

**No. M2005-00733-CCA-R3-HC - Filed July 26, 2005**

---

Appellant, Kevin Joseph Karr, has appealed from the trial court's order summarily dismissing, without an evidentiary hearing, his petition for writ of habeas corpus. The State has filed a motion for the trial court's judgment to be affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. We grant the motion and affirm the judgment of the trial court. After the State's motion was filed, Appellant filed a motion for an attorney to be appointed to represent him. In light of our ruling on the State's motion, the defendant's motion is denied by separate order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Kevin Joseph Karr, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

According to the *pro se* petition for writ of habeas corpus relief, Appellant was originally indicted for first degree murder. He proceeded to a jury trial, which resulted in a mistrial due to a hung jury. Appellant alleged in his petition that the trial court, at the conclusion of the trial for first degree murder, erroneously charged the jury as to the definition of "intentionally" and "knowingly."

Subsequently, pursuant to a negotiated plea agreement, Appellant pled guilty to second degree murder and received a sentence of fifteen years. Judgment was entered in accordance with the negotiated plea agreement on March 16, 2001. In his petition for habeas corpus relief, Appellant argues that he received ineffective assistance of counsel at his trial and during his guilty plea

proceedings, and that his guilty plea was not knowingly and voluntarily entered. He claims that he was misled by the trial court's erroneous definition of "intentionally" and "knowingly" as it related to a homicide offense. The *pro se* petition for habeas corpus relief was filed July 19, 2004. The habeas corpus court entered an order on October 11, 2004, dismissing the petition summarily without an evidentiary hearing.

Our review of the trial court's order dismissing the petition is *de novo* with no presumption of correctness given to the trial court's judgment because whether or not habeas corpus relief should be granted is a question of law. *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). According to our Supreme Court in *Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004), the grounds upon which habeas corpus relief is available are narrow; a habeas corpus petition may be dismissed without a hearing before the trial court if the appellant fails to establish in the petition that the challenged judgment is void. Tenn. Code Ann. § 29-21-109 (2000); *Hickman*, 153 S.W.3d at 20. A judgment is void "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint had expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted).

Whether the original trial court properly instructed the jury regarding the definition of "intentionally" and/or "knowingly" is not relevant to the issues presented because Appellant's conviction rests upon a negotiated plea agreement. The entry of a valid guilty plea is an admission of all facts alleged and a waiver of any procedural or constitutional defects in the proceedings that occurred before the entry of the plea. *See State v. Smith*, 996 S.W.2d 845 (Tenn. Crim. App. 1999). Furthermore, the claims that the guilty plea was involuntarily entered based upon ineffective assistance of counsel are not matters that would entitle Appellant to habeas corpus relief. *Passerella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *Antonio L. Sweatt v. State*, M1999-01300-CCA-R3-CD, 2000 WL 255328 (Tenn. Crim. App. March 6, 2000), *perm. to appeal denied* (Tenn. Oct. 16, 2000).

The trial court properly dismissed the petition for habeas corpus relief without an evidentiary hearing, and appellant is not entitled to relief in this appeal.

## CONCLUSION

The judgment rendered in the trial court from which this appeal is taken, was before the trial judge without a jury, and the judgment is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

THOMAS T. WOODALL, JUDGE

-2-