IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## MARSHALL TIDWELL v. VIRGINIA LEWIS, WARDEN

Appeal from the Circuit Court for Bledsoe County
No. 26-2005    Buddy D. Perry, Judge

No. E2005-01933-CCA-R3-HC - Filed January 20, 2006

The petitioner, Marshall Tidwell, pled guilty in the Dickson County Circuit Court to five counts of rape and three counts of sexual battery, and he received a total effective sentence of fifty years. Subsequently, the petitioner filed in the Bledsoe County Circuit Court a petition for a writ of habeas corpus. The habeas corpus court summarily dismissed the petition, which dismissal the petitioner appeals. The State filed a motion requesting that this Court affirm the habeas corpus court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Upon review of the record and the parties' briefs, we conclude that the petition was properly dismissed. Accordingly, the State's motion is granted and the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Marshall Tidwell, Pikeville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On February 15, 1988, the petitioner pled guilty in the Dickson County Circuit Court to five counts of rape and three counts of sexual battery, which charges originated from three multiple count indictments. The petitioner, pursuant to a plea agreement, was sentenced as a Range II, persistent offender to twenty years incarceration for each rape conviction and five years for each sexual battery conviction. The plea agreement further provided that on indictment number 15955, the appellant's five-year sexual battery sentence was to be served consecutively to his twenty-year rape sentence, for a sentence of twenty-five years on that indictment; on indictment number 15956, the petitioner's five-year sexual battery sentence was to be served consecutively to two of his twenty-year rape sentences, for a sentence of twenty-five years on that indictment; and on indictment number 15957,

the petitioner's five-year sexual battery sentence was to be served consecutively to two of his twenty-year rape sentences, for a sentence of twenty-five years on that indictment. The agreement stated that the decision as to whether the twenty-five year sentences were to be served consecutively or concurrently would be left to the discretion of the trial court. After a sentencing hearing, the trial court ordered the appellant to serve his twenty-five year sentence on indictment number 15956 consecutively to his twenty-five year sentence on indictment number 15955 but concurrently to his twenty-five year sentence on indictment number 15957, for a total effective sentence of fifty years.

Subsequently, the petitioner filed a petition for a writ of habeas corpus; alleging the following grounds for relief:

> 1. The indictments charging him with rape were void on their face.
>
> 2. The trial court was without jurisdiction to sentence the petitioner as a "persistent offender."
>
> 3. The "indictments were fatally flawed and void regarding inspecific dates and locations as to alleged offenses."

Specifically, the petitioner claimed that because "[t]he two alleged victims in this case were 15 years old and, from the very limited record, the sex was consensual," the State should have charged him with statutory rape, not rape. Additionally, the petitioner contended that the indictments did not allege specific facts supporting the allegation that the sex was committed by "force or coercion." He further contended that the State failed to prove the elements of rape. Additionally, the petitioner complained that the trial court was without jurisdiction to accept guilty pleas to statutory rape because statutory rape is not a lesser-included offense of rape. Next, the petitioner alleged that the trial court was without jurisdiction to sentence him as a persistent offender because his previous Hickman County convictions, which were in effect at the time of the instant sentencing hearing, were overturned after the Dickson County pleas and sentences were imposed. He also complained that the Hickman County convictions should have been listed in the indictments charging him in the instant case. Finally, the appellant maintained that the indictments were "multiplicitous" and "stacked" because he was charged with committing several offenses on the same day involving the same victim; i.e. the State charged alternate theories of the crime in different counts, such as rape, statutory rape, unnatural acts, contributing to the delinquency of a minor, and sexual battery.

In its order dismissing the petition for a writ of habeas corpus, the trial court stated:

> In his first ground for relief the Petitioner asserts that the two victims consented to sex, which would preclude his convictions for rape. This claim is essentially a challenge to the sufficiency of the evidence. Habeas corpus relief is not available to challenge the sufficiency of the evidence . . . .

The Petitioner next complains that the trial court was without jurisdiction to accept guilty pleas to statutory rape because it is not a lesser-included offense of rape. According to the plea submission transcript and the judgments, the Petitioner did not plead guilty to statutory rape and was not convicted of statutory rape. This claim is without merit.

The Petitioner also alleges that the trial court improperly sentenced him as a persistent offender for various reasons. This allegation, even if true, would merely render the Petitioner's judgments voidable, not void. Offender classifications are non-jurisdictional and are not valid grounds for habeas corpus relief . . . .

Finally, the Petitioner claims that the indictments are void because they violate the principle of multiplicity. Such a claim does not warrant habeas corpus relief . . . . Even if this claim were true, it would merely render the judgments voidable, not void.

Accordingly, the habeas corpus court dismissed the petition for failure to state a claim upon which relief may be granted. The petitioner challenges this ruling. The State moves this court to affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

The determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

As his first issue on appeal, the petitioner questions whether

> the trial court err[ed] in not granting habeas corpus relief in that the
> indictments were defective and void on their face regarding the facts
> that the alleged victims were age 15 and there was no proof as to rape,
> and only statutory rape could be legally charged, and statutory rape
> was merged with rape even though it is not a lesser included offense.

The petitioner also argues that the habeas corpus court erred "in not granting habeas corpus relief regarding the fact that the indictments were fatally flawed regarding inspecific dates and locations as to alleged offenses."

We note that in his brief, the petitioner specifically "waives [the] issue regarding statutory rape charges being merged with the rape offenses." Therefore, we will not address this ground on appeal. The petitioner raises several complaints regarding the indictments underlying his convictions. Generally, the sufficiency of an indictment is not a proper ground for habeas corpus relief. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Marvin Anthony Matthews v. State, No. W2005-01504-CCA-R3-HC, 2005 WL 3202546, at *2 (Tenn. Crim. App. at Jackson, Nov. 30, 2005). However, our supreme court has explained that "an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition." Wyatt, 24 S.W.2d at 323.

We have examined the indictments underlying the petitioner's convictions for rape and sexual battery, and we conclude that they provide the necessary information to charge an offense and forestall potential double jeopardy problems. See State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Moreover, as the habeas corpus court noted, the heart of the petitioner's challenges to the indictments concern the sufficiency of the evidence against him. In other words, the petitioner claims that the proof did not support his convictions for rape; the proof, at most, supported convictions for statutory rape. Sufficiency of the evidence is not a proper ground for habeas corpus relief. The entry of the petitioner's guilty pleas to five counts of rape "constitutes an admission of all facts alleged and a waiver of procedural and constitutional defects in the proceedings that occurred before the entry of the plea." State v. Smith, 996 S.W.2d 845, 847 (Tenn. Crim. App. 1999).

We also note that the petitioner's claim that the indictment raised multiplicitous charges would render the judgments, at most, voidable, not void. See Gary Lynn Vernon v. Jim Dickman, No. M2003-02268-CCA-R3-HC, 2004 WL 1778480, at *2 (Tenn. Crim. App. at Nashville, Aug. 9, 2004), perm. to appeal denied, (Tenn. 2004). Thus, the habeas corpus court was correct in dismissing this ground of the petition.

As his final issue on appeal, the appellant claims that the habeas corpus court erred "in not granting habeas corpus relief regarding the fact that the sentencing court was without jurisdiction to sentence [him] as a persistent offender." The petitioner claims that the trial court utilized

convictions which were later reversed to determine that the petitioner was a persistent offender as that term was defined under the 1982 Sentencing Act. After our review of the record, we note that it appears that the petitioner, as part of his plea agreement, agreed to be sentenced as a persistent offender. This court has previously stated that offender classifications "are non-jurisdictional and legitimate bargaining tools in plea negotiations." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002); see also Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). The petitioner is not entitled to habeas corpus relief on this issue.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE