IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2008

**WILLIAM C. BROTHERS v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6217      Joseph H. Walker, III, Judge**

**No. W2008-00748-CCA-R3-HC  - Filed June 12, 2009**

The petitioner, William C. Brothers, filed a petition for habeas corpus relief in the Circuit Court for Lauderdale County (hereinafter "habeas corpus court") seeking relief from his two convictions for aggravated sexual battery.  The habeas corpus court dismissed the petition, and the petitioner now appeals.  Upon our review of the record and the parties' briefs, we reverse the dismissal of the petition and remand with instructions for the habeas corpus court to transfer the case to the convicting court for correction of the judgments to reflect that the petitioner is required to provide a specimen for DNA analysis in compliance with Tennessee Code Annotated section 40-35-321.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

William C. Brothers, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The petitioner was initially indicted by a Davidson County grand jury on six counts of aggravated sexual battery, a Class B felony.  Pursuant to a plea agreement, he pled nolo contendere to two counts of aggravated sexual battery and received a nine-year sentence for each count to be served concurrently at one-hundred percent as a violent offender in the Tennessee Department of Correction.  In 2007, the petitioner filed a pro se petition for habeas corpus relief raising numerous

legal and factual allegations.  On February 11, 2008, this court affirmed the dismissal of the first[1] petition for habeas corpus relief.  William C. Brothers v. State, No. M2007-01202-CCA-R3-HC, 2008 WL 371187 (Tenn. Crim. App. at Nashville, Feb. 11, 2008), perm. to appeal denied, (Tenn. Apr. 28, 2008).  Ten days later, the petitioner filed the instant petition for habeas corpus relief.  In a written order, the habeas corpus court summarily dismissed the petition concluding that the petitioner had failed to demonstrate that he is entitled to habeas corpus relief.  The petitioner appeals the habeas corpus court's ruling.

Much of the lengthy petition for habeas corpus relief and the appellate brief the petitioner filed in this case are an attempt to present the same claims that this court rejected in upholding the dismissal of his previous petition for habeas corpus relief.  In delivering this court's opinion affirming the dismissal of the petitioner's first petition for habeas corpus relief, Judge McLin explained:

> While the petitioner raises a host of incoherent factual and legal allegations, we discern the essence of these allegations as follows: The petitioner points out that the indictments against him reflect that the offenses of aggravated sexual battery occurred between "December 15, 1994 and December 15, 1996."  Tennessee Code Annotated section 40-35-501([i]) provides that offenses, including aggravated sexual battery, committed on or after July 1, 1995 require one hundred percent service of sentence.  However, prior to July 1, 1995, no such provision existed and therefore, release eligibility was determined by the usual offender classification system.  See generally Tenn. Code Ann. 40-35-105-108.  The petitioner asserts that the offenses alleged in the indictments actually occurred between December 15, 1992 and December 15, 1994 dates occurring before the effective amendment to section 40-35-501.  The petitioner disputes that the offenses to which he pled guilty actually occurred in 1996 even though the plea hearing transcript as well as the petitioner's judgments of conviction reflect 1996 as the year the offenses occurred.  Consequently, the petitioner argues that the sentences are illegal because he is required to serve one hundred percent service rather than being eligible for release after thirty percent of service as authorized by Tennessee's sentencing statutes which were in effect prior to July 1, 1995.
>
> Upon consideration of the record in this case, it is clear that the petitioner's allegations are both factually and legally incorrect.

---

[1] Although we refer to case No. M2007-01202-CCA-R3-HC as the petitioner's "first" habeas corpus case, we glean from the record that the petitioner has filed at least two other petitions for habeas corpus relief that have been dismissed in other counties.

According to the plea bargain agreement, the transcript of the plea hearing, and the judgments of conviction, the petitioner agreed to a nine-year sentence to be served at one hundred percent. In addition, the offense dates discussed at the petitioner's plea hearing and recorded on the petitioner's judgments of convictions reflect 1996 as the year the offenses occurred. Therefore, contrary to the petitioner's allegations, the record clearly demonstrates that the court properly sentenced the petitioner to serve one hundred percent of his nine-year sentence as required by Tennessee Code Annotated section 40-35-501([i]). Furthermore, the record shows that the petitioner's sentence was the product of a knowing and voluntary guilty plea. "[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007). Offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under both the 1982 and 1989 Sentencing Acts. Id. at 779-80. In sum, there is nothing on the face of the judgment, or in the record of the underlying proceedings that indicates the convicting court was without jurisdiction to sentence the petitioner or that the petitioner's sentence has expired. As a result, the court's summary dismissal was proper. See Summers, 212 S.W.3d [251, 260 (Tenn. 2007)].

Brothers, No. M2007-01202-CCA-R3-HC, 2008 WL 371187, at **1-2.

In his appellate brief in the present case, the petitioner contends that he is entitled to relief for the following five reasons:

1) The suppression of proof of discovery is fatal;
2) The trial court's failure to order election 'sua sponte' is error;
3) He filed a motion for default judgment on February 21, 2008;
4) The trial court lacked jurisdiction to amend the judgments;
5) The state fraudulently used the bill of particulars.

The gist of the petitioner's arguments in this case is that he seeks to challenge the sufficiency of the convicting evidence against him and, in particular, the timing of the offenses for which he entered his plea. He argues that his sentences are illegal because the offenses occurred before Tennessee Code Annotated section 40-35-101 was amended to provide for one-hundred percent service of a sentence for aggravated sexual battery. He also contends that the trial court exceeded its jurisdiction when it amended his judgments of conviction to remove the conditions that he be subject to lifetime community supervision and be required to provide a specimen for DNA analysis.

## II. Analysis

-3-

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

Turning to the petitioner's issues, we note that this court previously determined that the sentencing court properly ordered the petitioner to serve one hundred percent of his nine-year sentences as required by Tennessee Code Annotated section 40-35-501(i). In so far as the petitioner is raising the same issues that this court has previously addressed, principles of res judicata dictate that those issues not be relitigated. Tenn. Sup. Ct. R. 4(H); see also John C. Tomlinson v. State, No. M2002-02152-CCA-R3-CO, 2002 WL 1400051, at *3 (Tenn. Crim. App. at Nashville, June 28, 2002).

To the extent that the petitioner challenges the sufficiency of the evidence, the trial court's failure to order an election, and the State's use of the bill of particulars in his case, those claims do not present cognizable grounds for habeas corpus relief. The motion for default judgment that the petitioner filed on February 21, 2008, arguing that the indictment included wrong dates for the offenses, also does not demonstrate that the petitioner's convictions are void or that he is entitled to habeas corpus relief. A "conviction following a plea of nolo contendere 'has all the effects of a plea of guilty in so far as the purposes of the case are concerned.'" Teague v. State, 772 S.W.2d 932 (Tenn. Crim. App. 1988), overruled on other grounds by State v. Mixon, 983 S.W.2d 661, 671 n.13 (Tenn. 1999), and Owens v. State, 908 S.W.2d 923, 928 n.9 (Tenn. 1995) (citations omitted). Thus, the petitioner's entry of nolo contendere pleas to two counts of aggravated sexual battery "constitutes an admission of all facts alleged and a waiver of procedural and constitutional defects in the proceedings that occurred before the entry of the plea." State v. Smith, 996 S.W.2d 845, 847 (Tenn. Crim. App. 1999).

Finally, we address the petitioner's claim that the trial court was without jurisdiction to amend the judgments against him. On April 25, 2002, the day the convicting court accepted the petitioner's plea, the court entered judgments reflecting the petitioner's sentence of nine years for

each conviction to be served at one hundred percent. In addition to requiring sex offender treatment and registration, the judgments provided for lifetime community supervision pursuant to Tennessee Code Annotated section 39-13-524 and required the petitioner to provide a specimen for DNA analysis pursuant to Tennessee Code Annotated section 40-35-521.

The sentencing court subsequently amended the judgments to delete the lifetime community supervision and DNA requirements.[2] The petitioner contends that Tennessee Code Annotated section 39-13-524 and section 40-35-321 are applicable to his convictions and that the sentencing court exceeded its jurisdiction when it amended the judgments. He argues that the applicable remedy is the reversal of his convictions and remand of the case for a trial.

With respect to the lifetime community supervision requirement, the Compiler's Notes for Tennessee Code Annotated section 39-13-524 provide that the statute applies to "all persons committing applicable sex offenses on or after July 1, 1996." Although, the record of the guilty plea proceedings and the judgments reflect the date of the petitioner's offenses as occurring in 1996, nothing in the record demonstrates that the offenses occurred after July 1 of that year. Moreover, the record reflects that the petitioner's counsel and the State agreed to the amendment of the judgments due to ex post facto concerns. Accordingly, the trial court's amendment of the petitioner's judgments to delete the lifetime community supervision requirement neither violates Tennessee Code Annotate section 39-13-524 nor entitles the petitioner to habeas corpus relief.

Turning to petitioner's DNA argument, we agree with the petitioner that the trial court's amendment of the judgments to delete the requirement that he provide a specimen for DNA analysis violates Tennessee Code Annotated section 40-35-321. By its terms, the statute requires a court that imposes a sentence for aggravated sexual battery to order the person convicted to "provide a biological specimen for the purpose of DNA analysis." Tenn. Code Ann. § 40-35-321(b). The Compiler's Notes for Tennessee Code Annotated section 40-35-321[3] provide that the statute applies to all persons that commit aggravated sexual battery or one of the other enumerated offenses "on or after July 1, 1991." When the sentencing court amended the petitioner's judgments to delete the requirement that the petitioner provide a specimen for DNA analysis, it imposed a sentence in direct

_____

[2]The copies of the amended judgments in the record do not reflect the date they were entered in the convicting court. The petitioner has submitted a letter dated July, 9, 2002, he received from the attorney who represented him at the guilty plea hearing that purports to enclose an agreed order, removing lifetime community supervision from his sentence. However, the agreed order is not part of the appellate record. In an order entered on April 4, 2007, the convicting court explained that "amended judgments were entered on September 19, 2002 to reflect the fact that the petitioner was not statutorily liable for producing a DNA sample under T.C.A. 40-35-321, nor should he be forced to endure lifetime community supervision under T.C.A. 39-13-524." In an order entered June 29, 2007, the convicting court further explained that the conditions that the petitioner provide a DNA sample and be subject to lifetime community supervision were removed from his sentence on September 19, 2002, because the parties agreed that those statutes were not applicable to the petitioner based on the date of the offenses.

[3] Although Tennessee Code Annotated section 40-35-321 has been amended since its enactment, its applicability to sentences for aggravated sexual battery has not changed. The statute has always required that persons convicted of aggravated sexual battery be required to provide a specimen for DNA analysis.

contravention of the statute. Without question, "a sentence imposed in direct contravention of a statute . . . is void and illegal." Stephenson, 28 S.W.3d at 911. Thus, we must reverse the habeas corpus court's dismissal of the petition. See Jasper D. Lewis v. Cherry Lindamood, Warden, No. M2005-02104-CCA-R3-HC, 2006 WL 2563437, at *3 (Tenn. Crim. App. at Nashville, Aug. 31, 2006).

However, we further note that the illegal provision of the amended judgments was neither material nor a bargained-for element of the petitioner's plea. The need for the petitioner to provide a specimen for DNA analysis was never mentioned during the petitioner's plea proceedings, and the petitioner now contends that the convicting court exceeded its jurisdiction when it amended the judgments to delete the requirement that he provide a specimen for DNA analysis. When "the illegality infects only the sentence, only the sentence is rendered void and habeas corpus relief may be granted to the extent of the sentence only. In such cases, the underlying conviction remains intact," and the appropriate remedy is to vacate the sentence and remand the case to the convicting court for entry of a corrected judgment. Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006). Accordingly, we conclude that the petitioner's convictions shall remain intact, and we grant habeas corpus relief in order for the case to be remanded to the convicting court for entry of corrected judgments that comply with Tennessee Code Annotated section 40-35-321.

### III. Conclusion

We hold that the petitioner's convictions and nine-year sentences to be served at one-hundred percent as a violent offender shall remain in tact. However, because the amended judgments violate Tennessee Code Annotated section 40-35-321, we reverse the habeas corpus court's dismissal of the petition for habeas corpus relief so that the amended judgments can be corrected. On remand, the Lauderdale County Circuit Court shall transfer the case to the Davidson County Criminal Court for entry of corrected judgments to reflect that the petitioner is required to provide a specimen for DNA analysis in compliance with Tennessee Code Annotated section 40-35-321.

_____
NORMA McGEE OGLE, JUDGE