239 S.W.3d 752 (2007)
STATE of Tennessee
v.
Keith Lemont FARMER.
Court of Criminal Appeals of Tennessee, at Nashville.
December 12, 2006 Session.
March 28, 2007.
*753 T.J. Jones, Nashville, Tennessee, for the appellant, Keith Lemont Farmer.
Robert E. Cooper, Jr., Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Jeff Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION
NORMA McGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.
The appellant, Keith Lemont Farmer, pled guilty in the Davidson County Criminal Court to robbery, possession of a weapon on school property, and assault. The plea agreement provided that the appellant would receive a total effective sentence of seven years with the manner of service to be determined by the trial court. On appeal, the appellant contests the trial court's failure to grant full probation. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

I. Factual Background
The sparse record on appeal reveals that in April 2005, the Davidson County Grand Jury returned indictment 2005-B-992 against the appellant for offenses committed by the appellant in 2004 when he was seventeen years old. Count one of the indictment charged the appellant with the aggravated robbery of Ladarious Abernathy. Count two of the indictment charged the appellant with possession of a weapon, specifically a handgun, on school property. Count three of the indictment charged the appellant with criminal impersonation. In October 2005, the Davidson County Grand Jury returned indictment 2005-D-3084 against the appellant for offenses committed by the appellant in 2005. Count one of the indictment charged the appellant with the aggravated assault of Keytoria Sims, and count two of the indictment charged the appellant with the assault of Shavosha Brown.
Thereafter, on January 19, 2006, the appellant entered a guilty plea to the robbery of Abernathy, a Class C felony, and possession of a weapon on school property, a Class E felony, for the 2004 offenses. The appellant also pled guilty to the assault of Sims, a Class A misdemeanor. Pursuant to the agreement, the State dismissed the remaining charges. The plea agreement provided that the appellant would receive a sentence of eleven months and twenty-nine days for the assault conviction, which sentence would be served concurrently with the felony sentences. Additionally, the agreement provided that the appellant would be sentenced as a Range I standard offender to six years for the robbery conviction and one year for the possession of a weapon on school property conviction. The manner of service of the sentence was to be determined by the trial court.[1]
*754 At the sentencing hearing, the State relied primarily upon the presentence report. The report contained the appellant's lengthy history of juvenile adjudications. Further, the report contained the appellant's admission that he had never been employed and that he had dropped out of high school and had not yet obtained a General Equivalency Diploma. Moreover, in the report, the appellant admitted that he was a member of a gang called the "Crips."
Adrenian Higgins, the appellant's girlfriend, testified on the appellant's behalf. She stated that the appellant could live with her if he were granted probation. She asserted that in the event the appellant was granted probation, he had a job at Trojan Labor waiting for him. Higgins said the appellant had worked at Shoney's prior to his current incarceration. Higgins acknowledged that she was previously unaware of the appellant's gang affiliation with the Crips.
After the presentation of proof, the appellant argued that he had no criminal record as an adult and that he had no history of offenses as a juvenile that would be considered felonies if committed by an adult. The State argued that the appellant had an extensive criminal history consisting of juvenile adjudications. At the conclusion of the sentencing hearing, the trial court stated:
Well, I'm looking at this record, I don't know that I can read this exactly as I should with regard to juvenile record. But it certainly looks extensive to me. And it looks like it's been going on for at least ten years, is what it looks like to me.
Judgment of the Court he be sentenced to the workhouse for a period of seven years as a [Range I] standard offender at 30 percent.
On appeal, the appellant challenges the trial court's failure to grant full probation.

II. Analysis
Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn.Code Ann. § 40-35-401(d) (2003). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn.Code Ann. §§ 40-35-102, -103, -210 (2003); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn.1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn.Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.
Initially, we recognize that at the time the instant offenses were committed, an appellant was eligible for alternative sentencing if the sentence actually imposed is eight years or less. See Tenn.Code Ann. *755 § 40-35-303(a) (2003).[2] Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing. See Tenn.Code Ann. § 40-35-102(6). In the instant case, the appellant is a standard Range I offender convicted of a Class C felony and a Class E felony; therefore, he is presumed to be a favorable candidate for alternative sentencing. However, this presumption may be rebutted by "evidence to the contrary." State v. Zeolia, 928 S.W.2d 457, 461 (Tenn.Crim.App.1996). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":
(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.
Further, the presumption in favor of alternative sentencing may be overcome by facts contained in the presentence report, evidence presented by the State, the testimony of the accused or a defense witness, or any other source, provided it is made a part of the record. See State v. Parker, 932 S.W.2d 945, 958 (Tenn.Crim. App.1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn.Code Ann. § 40-35-103(5). A court may also apply the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 (2003) as they are relevant to the sentencing considerations set forth in Tennessee Code Annotated section 40-35-103. See Tenn.Code Ann. § 40-35-210(b)(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn.Code Ann. § 40-35-102(5).
An appellant seeking full probation bears the burden of establishing his suitability for full probation, regardless of whether he is entitled to the statutory presumption favoring alternative sentencing. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn.Crim.App.1996); see also Tenn. Code Ann. § 40-35-303(b) (2003). To prove his suitability, the appellant must establish that granting full probation will "`subserve the ends of justice and the best interest of both the public and the [appellant].'" State v. Dykes, 803 S.W.2d 250, 259 (Tenn.Crim.App.1990), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 8 (Tenn.2000). Moreover,
[i]n determining one's suitability for full probation, the court may consider the circumstances of the offense, the defendant's potential or lack of potential for rehabilitation, whether full probation will unduly depreciate the seriousness of the offense, and whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes.
Boggs, 932 S.W.2d at 477.
Initially, we note that one of the considerations in our de novo review is the *756 nature and characteristics of the criminal conduct involved. The appellant failed to include the transcript of the guilty plea hearing in the record for our review. See Tenn. R.App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn.Crim. App.1997). This court has previously cautioned,
For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.
State v. Keen, 996 S.W.2d 842, 843 (Tenn. Crim.App.1999) (citation omitted). Accordingly, the appellant's "failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence under [Tennessee Code Annotated section] XX-XX-XXX(b)." State v. Shatha Litisser Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim.App. at Jackson, July 14, 2003). Without the guilty plea hearing, we do not have at our disposal all of the facts considered by the trial court. Ordinarily, "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn.Crim.App.1991). Nevertheless, we conclude that the limited record before us supports the trial court's denial of alternative sentencing.
The trial court denied alternative sentencing because of the appellant's criminal record, which consisted of juvenile adjudications for disorderly conduct, unruly conduct, criminal trespass, theft, and assault. On appeal, the appellant argues that the trial court should not have used his juvenile history as a basis for denying probation. However, because the appellant was only seventeen when he committed the offenses, his juvenile record was particularly relevant to his potential for rehabilitation. Zeolia, 928 S.W.2d at 462; see also State v. Clifford Ray Thornton, No. M2005-02000-CCA-R3-CD, 2006 WL 2380608, at *4 (Tenn.Crim.App. at Nashville, Aug. 17, 2006). As the trial court found, the appellant's juvenile criminal history is extensive. The appellant's continued criminal behavior clearly demonstrates a lack of rehabilitative potential. The appellant did not meet his burden of establishing his suitability for full probation; therefore, the trial court did not err in failing to grant full probation.

III. Conclusion
Based upon the record and the parties' briefs, we affirm the judgments of the trial court.
NOTES
[1] The plea agreement does not provide that the felony sentences are to be served consecutively or that the total effective sentence is seven years. However, at the sentencing hearing, counsel for the appellant advised the court that the appellant pled "to a seven year sentence, it was six years for robbery and one year with the gun, concurrent to a misdemeanor 11/29 in the second case for a total of seven years."
[2] In 2005, Tennessee Code Annotated section 40-35-303(a) was amended to provide that an offender is eligible for probation if the sentence imposed is ten years or less. Tenn. Code Ann. § 40-35-303(a) (2006). The amendment "shall apply to sentencing for criminal offenses committed on or after June 7, 2005." Id., Compiler's Notes.