IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 21, 2010

## STATE OF TENNESSEE v. DEANNA MACHELLE FLETCHER

**Appeal from the Sullivan County Circuit Court**
**No. S57,343   Robert H. Montgomery, Jr., Judge**

_____

**No. E2010-01400-CCA-R3-CD - Filed March 30, 2011**

_____

The Defendant, Deanna Machelle Fletcher, pled guilty to three counts of identity theft, a Class D felony; burglary of an automobile, a Class E felony; three counts of forgery, a Class E felony; and three counts of theft of $500 or less, a Class A misdemeanor. See T.C.A. §§ 39-14-150, 39-14-402, 39-14-114, 39-14-103 (2010).  She was sentenced as a Range II, multiple offender to eight years' confinement for identity theft, four years' confinement for burglary of an automobile, four years' confinement for forgery, and eleven months and twenty-nine days' confinement for theft, all to be served concurrently.  On appeal, she contends that the trial court erred by denying alternative sentences and ordering confinement. Without the guilty plea hearing transcript, we presume the trial court's determinations were correct.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal), and William A. Kennedy, Assistant Public Defender (at trial), for the appellant, Deanna Machelle Fletcher.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; H. Greeley Wells, District Attorney General; and Teresa Nelson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the Defendant's entering her mother's car, taking her mother's checkbook, and forging multiple checks.  The record on appeal does not contain a transcript

of the guilty plea hearing, but the record reflects that the Defendant entered her guilty pleas on May 21, 2010.

At the sentencing hearing, the State introduced the presentence report. It stated that on November 28, 2006, officers responded to Food City after receiving a report of a forged check. The check belonged to Debra Fleenor, the Defendant's mother. The police contacted Ms. Fleenor and learned that she had reported multiple checks that were stolen from her home and forged. Ms. Fleenor watched security footage from Food City and identified the Defendant as the person who forged the stolen check. The investigation revealed that the Defendant forged fourteen checks in various amounts ranging from $29.02 to $195.56. No testimony was presented.

The trial court found that the following enhancement factors applied pursuant to Tennessee Code Annotated section 40-35-114 (2006) (amended 2007, 2008): (1) the Defendant had a previous history of criminal convictions; (8) the Defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (13) the Defendant was released on probation at the time the felony was committed. The trial court found that the following mitigating factors applied pursuant to Tennessee Code Annotated section 40-35-113 (2010): (1) the Defendant's criminal conduct neither caused nor threatened serious bodily injury, and (13) the Defendant took efforts to rehabilitate herself while incarcerated. The Defendant was sentenced as a Range II, multiple offender to an effective eight-year sentence. This appeal followed.

In conducting a de novo review, we must consider (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on her own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986).

Preliminarily, the State contends that the Defendant has failed to provide an adequate record for review. The State argues that because the Defendant failed to include a transcript of the guilty plea hearing in the record, this court must presume that the trial court correctly imposed a sentence of confinement. The State notes that the presentence report is the sole source of information contained in the record describing the Defendant's offenses. The Defendant has not responded to this argument. We agree with the State that the record is inadequate for a proper review.

On appeal, the Defendant was required to prepare a record that conveyed a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal. T.R.A.P. 24(b); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). The 1989 Sentencing Act, as amended, requires a sentencing court to consider evidence received at the trial. T.C.A. § 40-35-210(b)(1) (2010). With a guilty plea involving a felony, the evidence supporting the plea and finding of guilt is usually submitted by stipulation. "For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial. . . ." State v. Keen, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999). This court considers the guilty plea hearing transcript to be vital to a de novo review and potential resentencing by this court as required by law. See id. at 844; see also T.C.A. §40-35-401. The "'failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence under [Tennessee Code Annotated section] 40-35-210(b).'" State v. Farmer, 239 S.W.3d 752, 756 (Tenn. Crim. App. 2007) (quoting State v. Shatha Litisser Jones, No. W2002-02697-CCA-R3-CD, Madison County, slip op. at 4 (Tenn. Crim. App. July 14, 2003)). No matter how developed a record may appear, this court cannot know the full extent unless the guilty plea transcript is included. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); see also State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

The Defendant's failure to provide this court with a complete record on appeal requires us to presume that the trial court's rulings were supported by sufficient evidence. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE