# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 29, 2011

## STATE OF TENNESSEE v. ALFRED GETTNER

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52968, S56388, S56444    R. Jerry Beck, Judge**

---

**No. E2010-00104-CCA-R3-CD - Filed August 19, 2011**

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in results because, respectfully, I disagree that we should per se presume the correctness of the sentencing judgment based upon the absence of the plea submission hearing transcript. I believe that the presentence report contained in the record provides this court with an understanding of the nature and circumstances of the offenses such that we can perform our mandated duty of conducting a de novo review upon the record. On the other hand, I believe that the trial court's judgment is supported in the record and should be affirmed on that basis.

To be sure, our standard of review of sentencing decisions is de novo "on the record of the issues . . . conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d).

The starting place for probing whether the record is sufficient to facilitate de novo review is Tennessee Code Annotate section 40-35-210(b), which enumerates the case components that the trial court "shall" consider in "determin[ing] the specific sentence and the appropriate combinations of sentencing alternatives." The mandated list is as follows:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The list does not include specifically the evidence or statements presented in the plea submission hearing. The statute does require, however, consideration of "the nature and circumstances of the criminal conduct." I agree that our courts have determined that when a trial court approves a defendant's "open" guilty plea and then imposes a sentence that is challenged on appeal, the appellate court may need the transcript of the plea submission hearing as a means of knowing the nature and circumstances of the offense. *See, e.g.*, *State v. Farmer*, 239 S.W.3d 752, 756 (Tenn. Crim. App. 2007). The need for information about the nature and circumstances of the offense does not equate, in my view, to a per se requirement that the plea submission hearing transcript be included in the record as a condition precedent to appellate review.

In *State v. Keen*, 996 S.W.2d 842 (Tenn. Crim. App. 1999), this court, in reviewing the length and manner of service of the sentence following an open guilty plea, stated that no transcript of the plea submission hearing appeared in the appellate record. *Id.* at 844. The court said:

> For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is *often (if not always)* needed in order to conduct a proper review of the sentence imposed.

*Id.* at 843-44 (emphasis added) (citation omitted). Not only did the court refrain from requiring the plea submission hearing transcript in every appeal, but also it noted that the record before it was "quite bare" and that the "basic facts underlying the aggravated burglary

[that] appear in the sentencing hearing transcript and the presentence report . . . are not enough to properly review the sentence in this case," especially when, based upon the enhancement factors applied, "the trial court [had] relied substantially upon the nature of the offense." *Id.* at 844. Thus, only after considering the paucity of the rest of the appellate record did the court, in reviewing the length of Keen's sentence, point to the absence of the pleas submission hearing transcript and the indictment "to presume that had all of the evidence considered by the trial court been included in the record on appeal, it would have supported the imposition of a six year sentence." *Id.* (citing *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)).

Even then, "despite the incomplete record," the court deemed "the record on appeal . . . sufficient to determine that the trial court did not err in sentencing the defendant to prison rather than community corrections." *Id.* Specifically, the *Keen* court said:

> A felon's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether he or she is suited for alternative sentencing. Here, the thirty-five-year-old defendant has been previously convicted of seven felonies and several misdemeanors. Twice he has violated imposed terms of probation, and when he committed the offense in this case, he had been released from jail on an unrelated charge for only three days. Even though the defendant argues otherwise, these facts show a poor potential for rehabilitation, which is sufficient reason to justify a term of incarceration rather than alternative sentencing.

*Id.* at 844-45. Thus, the court, despite the lacunae in the record, not only reviewed the manner of service of the sentence, it also affirmed the trial court's manner-of-service judgment on the facts. *See id.* at 845.

In *Farmer*, despite noting that "[w]ithout the guilty plea hearing, [the appellate court did] not have at [its] disposal all of the facts considered by the trial court," *Farmer*, 239 S.W.3d at 756, the court determined that "the limited record before [it] supports the trial court's denial of alternative sentencing," *id.*, which was based upon Farmer's extensive criminal record, *id.*; *see State v. Robinson*, 139 S.W.3d 661, 664-65 (Tenn. Crim. App. 2004) ("conclud[ing that] the trial court properly denied judicial diversion" despite the absence of the plea submission hearing transcript, a failing that would "usually" preclude the appellate court from knowing "the facts and circumstances surrounding the offense" and conducting its review). As in *Keen*, the court not only reviewed the trial court's denial of alternative sentencing despite the absence of the plea submission transcript, it also affirmed the denial

based upon its finding that Farmer's "continued criminal behavior clearly demonstrates a lack of rehabilitative potential." *Id.*; *see Keen*, 996 S.W.2d 845 ("[T]hese facts show a poor potential for rehabilitation, which is sufficient reason to justify a term of incarceration rather than alternative sentencing."); *see also State v. Shatha Litisser Jones*, No. W2002-02697-CCA-R3-CD, slip op. at ___ (Tenn. Crim. App., Jackson, July 14, 2003) (stating, after commenting that the absence of the guilty plea hearing transcript compromises the appellate court's ability to discharge its duty of de novo review of a sentencing issue, that "[i]n any event, the record before us supports the trial court's determination relative to the defendant's criminal history and inability to comply with the requirements of a former probation").

Based upon these authorities, I conclude that this court is not precluded from reviewing the manner-of-service decision in every case in which the plea submission hearing transcript is absent from the appellate record and that the record in the present case affords this court an adequate basis for reviewing the defendant's sentence. His noncontroverted record belies any potential for rehabilitation; the trial court clearly was justified in denying alternative sentencing. *See* T.C.A. §40-35-103(1)(A), (authorizing sentences involving confinement when "necessary to protect society by restraining a defendant who has a long history of criminal conduct"), (C), (authorizing sentences involving confinement when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant"),(5) (mandating the sentencing court's consideration of the defendant's potential or lack of potential for rehabilitation in determining the aptness of alternative sentencing). I would affirm the judgment on this basis.

_____

JAMES CURWOOD WITT, JR., JUDGE
