# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 25, 2011

## STATE OF TENNESSEE v. ANNA M. STEWARD

**Appeal from the Circuit Court for Cocke County**
**No. 1851     Ben W. Hooper, II, Judge**

_____

**No. E2010-01918-CCA-R3-CD - Filed September 19, 2011**

_____

The defendant, Anna M. Steward, pleaded guilty as a Range II, multiple offender to robbery, a Class C felony. *See* T.C.A. § 39-13-401 (2006). The plea agreement called for a six-year sentence, with the manner of service to be determined by the trial court. The trial court ordered the defendant to serve her sentence in the Department of Correction. On appeal, the defendant contends that the trial court erred by imposing a sentence of full confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which, NORMA MCGEE OGLE, J., joined. JOSEPH M. TIPTON, P.J., filed a concurring opinion.

Edward C. Miller, District Public Defender, and Keith E. Haas, Assistant District Public Defender, for the appellant, Anna M. Steward.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James Dunn, District Attorney General; and Tonya D. Thornton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Anna M. Steward, pleaded guilty as a Range II, multiple offender to robbery, a Class C felony. *See* T.C.A. § 39-13-401. The plea agreement specified a six-year sentence, but the agreement left the manner of service of the sentence to be determined by the trial court. The trial court denied the bid for an alternative sentence and ordered the defendant to serve her sentence in the Department of Correction. On appeal, the

defendant claims that the imposition of a fully incarcerative sentence was error. We affirm the trial court's judgment.

Despite the guilty plea in this case, the record on appeal does not include a transcript from the guilty plea submission hearing. According to the presentence report and the statements of counsel at the sentencing hearing, the defendant robbed an 82-year-old woman who was a friend of the defendant's mother. After asking the victim for $20 on a previous visit, the defendant returned to the victim's home and stole the victim's handbag. In the sentencing hearing, the defendant's attorney stated that the defendant neither admitted nor denied pushing the victim down, but the record shows that the victim was injured and received medical treatment.

Neither party offered evidence in the sentencing hearing.

The trial court determined that confinement was necessary to protect society by restraining the defendant, who had a long history of criminal conduct, *see* T.C.A. § 40-35-103(1)(A), and that the largess of an alternative sentence would depreciate the seriousness of the offense, *see id.* § 40-35-103(1)(B).

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing decision, the trial court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

Relative to the defendant's Class C felony conviction of robbery, she was not considered a favorable candidate for alternative sentencing given her Range II release eligibility classification. *See id.* § 40-35-102(6). As the recipient of a sentence of ten years or less, the defendant was eligible for probation, *see* T.C.A. § 40-35-303(a), but bore the burden of establishing her "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* T.C.A. § 40-35-303(b). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

Among this panel of the court of criminal appeals, disagreement arises over whether we should presume the correctness of the trial court's ruling because the defendant, as the appellant, omitted from the appellate record a transcript of the plea submission hearing. Despite the absence in the appellate record of a transcript of the plea submission hearing, we hold that the record is adequate for this court's de novo review and affirm the trial court's sentencing decision on the merits of the case.

The existing record via the presentence report reflects that the defendant robbed an 82-year-old woman who, as a result, was injured and received medical treatment. The defendant had previously been convicted of robbery, forgery, aggravated burglary, and possession of cocaine – all felonies. She had also garnered a number of misdemeanor convictions including fraud and several thefts. She had previously violated probation rules on three occasions and had violated the rules for her placement in a community corrections

-3-

program. Despite having previously undergone three drug rehabilitation programs, she not only used cocaine on the day she committed the present offense, but she also tested positive for cocaine and morphine use on the day she was interviewed during the presentence investigation. She has not worked at a job since 2004.

In short, her record is abysmal. We cannot fathom any development emanating from the plea submission hearing that would ameliorate the indications that she is unfit for an alternative sentence or that would denote trial court error in denying relief. The question is, however, whether the absence of the plea submission hearing transcript *ipso facto* precludes our review. Stated another way: Is the plea hearing transcript always required before the appellate court can review a sentencing issue on the merits?

To be sure, our standard of review of sentencing decisions is de novo "on the record of the issues . . . conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d).

The starting place for answering the question posed above is Tennessee Code Annotated section 40-35-210(b), which enumerates the case components that the trial court "shall" consider in "determin[ing] the specific sentence and the appropriate combinations of sentencing alternatives." The mandated list is as follows:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;
>
> (4) The nature and characteristics of the criminal conduct involved;
>
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
>
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The list does not include specifically the evidence or statements presented in the plea submission hearing. The statute does require, however, consideration of "the nature and circumstances of the criminal conduct." Our courts have determined that when a trial court approves a defendant's guilty plea and then imposes a sentence that is challenged on appeal, the appellate court may need the transcript of the plea submission hearing as a means of knowing the nature and circumstances of the offense. *See, e.g., State v. Keith Lemont Farmer*, No. M2006-00707-CCA-R3-CD (Tenn. Crim. App., Nashville, Mar. 28, 2007).[1] The need for information about the nature and circumstances of the offense does not equate to a per se requirement that the plea submission hearing transcript be included in the record as a condition precedent to appellate review.

In *State v. Keen*, 996 S.W.2d 842 (Tenn. Crim. App. 1999), this court, in reviewing the length and manner of service of the sentence following an open guilty plea, observed that no transcript of the plea submission hearing appeared in the appellate record. *Id.* at 844. The court said:

> For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is *often (if not always)* needed in order to conduct a proper review of the sentence imposed.

*Id.* at 843-44 (emphasis added) (citation omitted). Not only did the court refrain from requiring the plea submission hearing transcript in every appeal, but it also noted that the record before it was "quite bare" and that the "basic facts underlying the aggravated burglary [that] appear in the sentencing hearing transcript and the presentence report . . . are not enough to properly review the sentence in this case," especially when, based upon the enhancement factors applied, "the trial court [had] relied substantially upon the nature of the offense." *Id.* at 844. Thus, only after considering the paucity of the rest of the appellate record did the court, in reviewing the length of Keen's sentence, point to the absence of the plea submission hearing transcript and the indictment "to presume that had all of the

---

[1] We acknowledge that *Farmer* was initially published in the reporter advance sheet at 239 S.W.3d 752. However, as noted by the editor's note, "[t]he opinion . . . was withdrawn from the bound volume because it was not intended for publication."

evidence considered by the trial court been included in the record on appeal, it would have supported the imposition of a six[-]year sentence." *Id.* (citing *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)).

Even then, "despite the incomplete record," the *Keen* court deemed "the record on appeal . . . sufficient to determine that the trial court did not err in sentencing the defendant to prison rather than community corrections." *Id.* Specifically, the court said:

> A felon's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether he or she is suited for alternative sentencing. Here, the thirty-five-year-old defendant has been previously convicted of seven felonies and several misdemeanors. Twice he has violated imposed terms of probation, and when he committed the offense in this case, he had been released from jail on an unrelated charge for only three days. Even though the defendant argues otherwise, these facts show a poor potential for rehabilitation, which is sufficient reason to justify a term of incarceration rather than alternative sentencing.

*Id.* at 844-45. Thus, the court, despite the lacunae in the record, not only reviewed the manner of service of the sentence, it also affirmed the trial court's manner-of-service judgment on facts strikingly similar to those in the present case. *See id.* at 845.

In *Keith Lamont Farmer*, despite noting that "[w]ithout the guilty plea hearing, [the appellate court did] not have at [its] disposal all of the facts considered by the trial court," this court determined that "the limited record before [it] support[ed] the trial court's denial of alternative sentencing," which was based upon Farmer's extensive criminal record. *Keith Lemont Farmer*, slip op. at 5; *see also State v. Robinson*, 139 S.W.3d 661, 664-65 (Tenn. Crim. App. 2004) (concluding that "the trial court properly denied judicial diversion" despite the absence of the plea submission hearing transcript, a failing that would "usually" preclude the appellate court from knowing "the facts and circumstances surrounding the offense" and conducting its review). As in *Keen*, this court not only reviewed the trial court's denial of alternative sentencing despite the absence of the plea submission transcript, it also affirmed the denial based upon its finding that Farmer's "continued criminal behavior clearly demonstrates a lack of rehabilitative potential." *Keith Lemont Farmer*, slip op. at 5; *see Keen*, 996 S.W.2d at 845 ("[T]hese facts show a poor potential for rehabilitation, which is sufficient reason to justify a term of incarceration rather than alternative sentencing."); *see also State v. Shatha Litisser Jones*, No. W2002-02697-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, July 14, 2003) (stating, after commenting that the absence of the guilty

plea hearing transcript compromises the appellate court's ability to discharge its duty of de novo review of a sentencing issue, that "[i]n any event, the record before us supports the trial court's determination relative to the defendant's criminal history and inability to comply with the requirements of a former probation").

Based upon these authorities, this court is not precluded from reviewing the manner-of-service decision in every case in which the plea submission hearing transcript is absent from the appellate record. The record in the present case, despite the absence of the plea submission hearing transcript, affords this court an adequate basis for reviewing the defendant's sentence.

With this extensive preface, we turn to the merits of the defendant's claim. Her uncontroverted record belies any potential for rehabilitation; the trial court was justified in denying alternative sentencing based upon the defendant's extensive criminal record. *See* T.C.A. §40-35-103(1)(A), (authorizing sentences involving confinement when "necessary to protect society by restraining a defendant who has a long history of criminal conduct"). Also, upon our de novo review, we conclude that confinement is justified because "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant," *see id.* § 40-35-103(1)(C), and because the defendant's lack of potential for rehabilitation indicates the inaptness of alternative sentencing, *see id.* § 40-35-103(A)(5).

We recognize that the trial court denied alternative sentencing, in part, to avoid depreciating the seriousness of the offense. *See id.* § 40-35-103(B). We also recognize that this statutory basis for ordering confinement is conceptually linked to the consideration of the nature and circumstances of the offense. *See, e.g.*, *State v. Hartley*, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). Perhaps a transcript of the plea submission hearing would inform this court further about the nature and circumstances of the offense in this case; it might, for instance, tell us whether the defendant actually pushed the victim down during the robbery. On the other hand, the uncontroverted evidence we do have – that the 82-year-old-victim was injured during the theft of her handbag – reveals an especially reprehensible crime. In any event, the other basis for the trial court's denial of alternative sentencing – the defendant's prodigious criminal history – is weighty enough in itself to support the court's ruling.

Accordingly, we affirm the judgment of the trial court.

JAMES CURWOOD WITT, JR., JUDGE

-7-