# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2011

## STATE OF TENNESSEE v. ANGELA COLLEY

### Direct Appeal from the Criminal Court for Sullivan County
### No. S56,033      R. Jerry Beck, Judge

### No. E2011-00250-CCA-R3-CD - Filed December 5, 2011

JOHN EVERETT WILLIAMS, J., dissenting.

I respectfully dissent from the majority opinion because I feel the defendant has not included an adequate record for review. Here, as the majority has noted, the defendant has failed to include the plea submission hearing transcript. I concluded this failure precludes our *de novo* review of the defendant's sentences and requires this court to presume that the evidence supports her sentences.

In conducting a *de novo* review, we must consider (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2010); *see State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *State v. Moss*, 727 S.W.2d 229, 236 (Tenn. 1986).

On appeal, the defendant was required to prepare a record that conveyed a fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal. T.R.A.P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). The 1989 Sentencing Act, as amended, requires a sentencing court to consider evidence received at the trial. T.C.A. § 40-35-210(b)(1). With a guilty plea involving a felony, the evidence supporting the plea and finding of guilt is usually submitted by proffer or stipulation. "For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial. . . ." *State v. Keen*, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999).

This court considers the guilty plea transcript to be vital to a *de novo* review and

potential resentencing by this court as required by law. *See, e.g., State v. Alfred Gettner*, No. E2010-00104-CCA-R3-CD, Sullivan County, slip op. at 6 (Tenn. Crim. App. Aug. 19, 2011); *State v. Felix Tamayo*, No. M2010-00800-CCA-R3-CD, Davidson County, slip op. at 3-4 (Tenn. Crim. App. May 16, 2011); *State v. Gary M. Carter*, No. M2006-02341-CCA-R3-CD, DeKalb County, slip op. at 4 (Tenn. Crim. App. Feb. 21, 2008); T.C.A. § 40-35-40 (2010). The "'failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full *de novo* review of the sentence under [Tennessee Code Annotated section] 40-35-210(b).'" *State v. Farmer*, 239 S.W.3d 752, 756 (Tenn. Crim. App. 2007) (*quoting State v. Shatha Litisser Jones*, No. W2002-02697-CCA-R3-CD, Madison County, slip op. at 4 (Tenn. Crim. App. July 14, 2003)). No matter how developed a record may appear, we will never know the full extent unless the guilty plea transcript is included. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); *see also State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). The defendant is not entitled to relief.

_____
JOHN EVERETT WILLIAMS, JUDGE