IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2014

## JEFFREY S. NICHOLS v. STANTON HEIDLE, WARDEN, and STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 2013-CR-40   J. Curtis Smith, Judge**

---

**No.  E2013-02179-CCA-R3-HC - Filed April 7, 2014**

---

The Petitioner, Jeffrey S. Nichols, pro se, appeals the Bledsoe County Circuit Court's denial of his petition for a writ of habeas corpus regarding his 2005 convictions for nine counts of aggravated sexual battery and five counts of rape of a child for which he received an effective seventeen-year sentence.  The Petitioner contends that the trial court erred by denying him habeas corpus relief because (1) the judgments in case numbers 02-530 through 02-538 for his aggravated sexual battery convictions do not contain the required community supervision for life provision and (2) the rape of a child convictions in case number 02-706, which required the victim to be under age thirteen, concerned a thirteen-year-old victim.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Jeffrey S. Nichols, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner entered best interest guilty pleas in case number 02-706 to five counts of rape of a child and one count of aggravated kidnapping and received seventeen-year sentences for four of the rape of a child convictions, a twelve-year sentence for the remaining rape of a child conviction, and a twelve-year sentence for the aggravated kidnapping

conviction. He pleaded guilty in case numbers 02-398 and 02-530 through 02-538 to ten counts of aggravated sexual battery and received twelve-year sentences for each count. He pleaded guilty in case number 03-180 to thirteen counts of sexual exploitation of a minor and pleaded guilty in case number 03-181 to failure to appear. The trial court ordered all the Petitioner's sentences to run concurrently, for an effective seventeen-year sentence. The Petitioner only raises issues regarding the judgments for his aggravated sexual battery convictions in case numbers 02-530 through 02-538 and his rape of a child convictions in case number 02-706.

The Petitioner did not appeal his convictions but filed a petition for post-conviction relief, which the trial court denied, and this court affirmed. *State v. Jeffrey Scott Nichols*, No. E2007-01865-CCA-R3-PC (Tenn. Crim. App. Dec. 19, 2008), *perm. app. denied* (Tenn. June 22, 2009). He filed two motions to reopen his petition for post-conviction relief, which the trial court denied, and this court affirmed the denials. *Jeffrey S. Nichols v. State*, No. E2010-00412-CCA-R28-PC (Tenn. Crim. App. Apr. 9, 2010) (order); *Jeffrey S. Nichols v. State*, No. E2010-00961-CCA-R28-PC (Tenn. Crim. App. June 18, 2010) (order). The trial court granted a third petition to reopen his post-conviction petition but denied relief. The Petitioner appealed the court's ruling but later voluntarily dismissed his appeal. *Jeffrey S. Nichols v. State*, No. E2012-00543-CCA-R3-PC (Tenn. Crim. App. May 24, 2013) (order).

According to the trial court's order in the present case, the Petitioner filed a previous state habeas corpus petition, contending that his sentences in case numbers 02-706, 02-530 through 02-538, and 02-398 were illegal because he was not sentenced to community supervision for life. The court found that corrected judgments had been entered on August 22, 2005, and that the sentences were not illegal but granted relief to correct the judgment for his aggravated kidnapping conviction. The Petitioner appealed the ruling but later voluntarily dismissed his appeal. *Jeffrey S. Nichols v. Jim Morrow, Warden*, No. E2010-02224-CCA-R3-HC (Tenn. Crim. App. Jan. 6, 2012) (order). He also filed a federal habeas corpus petition, which was dismissed in 2011. *Jeffrey S. Nichols v. James Morrow, Warden*, No. 1:09-CV-183 (E.D. Tenn. March 17, 2011).

In the present habeas corpus petition, the Petitioner contended that his sentence was illegal because the judgments in case numbers 02-530 through 02-538 did not contain the community supervision for life requirement and because the victim was thirteen years old during the offense dates listed on the judgment and the indictment for his rape of a child convictions in case number 02-706. He argues he would not have entered his guilty pleas had he known that he was subject to community supervision for life and that the victim was thirteen years old.

The trial court found that the Petitioner had filed a previous habeas corpus petition contending that his sentences in case number 02-706, 02-530 through 02-538, and 02-398 were illegal because he was not sentenced to community supervision for life. The court noted that it filed an opinion on September 20, 2010, finding that corrected judgments were entered on August 22, 2005. The court found that the Petitioner's claim that his sentence was illegal because the judgments did not contain the community supervision for life provision was previously adjudicated and could not be relitigated and that the issue was without merit. The court found that the Petitioner's issue with the victim's age concerned the sufficiency of the evidence, which was not a cognizable habeas corpus claim. In its amended order, the court noted that the Petitioner did not provide additional evidence that would alter the ruling in its September 20, 2010 order regarding the corrected judgments and that certified copies of the corrected judgments were attached to and incorporated in the amended order. The court denied relief, and this appeal followed.

In his initial appellate brief, the Petitioner only addressed the community supervision for life issue. After the State submitted its brief and moved to supplement the record with the corrected judgments, the Petitioner submitted a "Traverse to State's Brief," in which he responded to the State's argument concerning the corrected judgments. He did not address the issue with the victim's age in his initial or reply briefs.

After submitting his reply brief, the Petitioner filed a motion seeking permission to file an amended brief in response to the trial court's amended order, which incorporated the corrected judgments that the Petitioner argued he had not seen. His motion also sought to have both claims he presented in the trial court reviewed by this court under Tennessee Criminal Procedure Rule 36.1.

This court filed an order granting the motion to file a supplemental brief, noting that it had remanded the case for supplementation of the record with the corrected judgments and that the proposed supplemental brief raised issues about the corrected judgments. The order did not address the Petitioner's arguing the second issue, which was not raised in his initial brief.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). When applicable, the purpose of the habeas corpus petition is to contest a void, not merely a

voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

**I**

In his initial brief, the Petitioner contends that his sentence is illegal because the judgments in case numbers 02-530 through 02-538 do not contain the community supervision for life provision. He argues that the issue has not been adjudicated on its merits because in his previous habeas corpus proceeding, the trial court only ruled on case numbers 02-398 and 02-706 and that the court erred in finding the issue had no merit because a sentence is illegal if the judgment is required but fails to contain the community supervision for life provision.

In his amended brief, the Petitioner asserts that the State "conveniently" presented corrected judgments containing the community supervision for life provision for the first time to this court. He argues that the judgments were corrected on August 22, 2005, and filed on December 2, 2005, without his knowledge and that he did not receive a copy of the corrected judgments. He asserts that although defense counsel signed the judgments, he retained counsel only for trial proceedings, not for "post-sentence" proceedings. He argues that he did not know about the corrected judgments or the August 22, 2005 proceeding until he received his federal court records in 2009 and that the records only contained corrected judgments for case numbers 02-706 and 02-398, not 02-530 through 02-538. He argues that the corrected judgments violate his constitutional and statutory due process rights because the late notification caused him to be time-barred from filing "post-sentencing" motions.

The State responds that the trial court properly denied the petition. The State argues that the judgments in question were amended in 2005 to reflect correctly that the Petitioner was subject to community supervision for life.

The Petitioner attached the original judgments to his petition. The State asserted that the judgments had been corrected but that the corrected judgments were not included in the record. The State attached copies of the corrected judgments to its brief and filed a motion to supplement the record with the corrected judgments. This court remanded the case to the trial court for consideration of the corrected judgments and ordered the trial court clerk to supplement the record with the corrected judgments and any subsequent order of the trial court.

The original judgments do not have the community supervision for life box checked, but the corrected judgments do. The trial court incorporated the corrected judgments into its amended order and found that the Petitioner presented no evidence that would alter its September 20, 2010 order finding that corrected judgments were entered on August 22, 2005. We note that the corrected judgments were filed by the trial court clerk on December 2, 2005. *See State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. Sept. 21, 2007) (stating that the "effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge").

Tennessee Code Annotated section 39-13-524(a) provides that a person convicted of aggravated sexual battery "shall receive a sentence of community supervision for life" in addition to the punishment authorized by the statute. Section 39-13-524(b) requires that the judgment of conviction for a person convicted of aggravated sexual battery "include that the person is sentenced to community supervision for life." Failure to include lifetime community supervision as part of the Petitioner's sentence was in direct contravention of the statute. *See State v. Nagele*, 353 S.W.3d 112, 119 (Tenn. 2011). The failure to include the community supervision for life provision in the judgment rendered the sentence illegal. *See State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005). "As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn.1978); *see also Bronson*, 172 S.W.3d at 602. Therefore, the trial court had the authority to correct the judgments at any time. *See Burkhart*, 566 S.W.2d at 873; *Bronson*, 172 S.W.3d at 602. As corrected, the Petitioner's sentences included the community supervision for life provisions and are not illegal.

The Petitioner argues that the judgments were corrected on August 22, 2005, and filed on December 2, 2005, without his knowledge and without his being represented by counsel, which violated his due process rights. The constitutional claim of a right to due process is not cognizable in a habeas corpus proceeding. *See Summers*, 212 S.W.3d at 261 (contrasting post-conviction proceedings, which "may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights," to habeas corpus procedures, which are for the narrow purpose of challenging a void judgment).

Regarding the Petitioner's argument that Tennessee Criminal Procedure Rule 36.1 is applicable, the rule allows the State or a defendant to move the trial court to correct an illegal sentence and allows an appeal from the trial court's ruling on a Rule 36.1 motion. An appeal of the court's ruling correcting the judgment must be filed within thirty days after the date the corrected judgment is filed. T.R.A.P. 4(a); *Stephens*, 264 S.W.3d at 729.

The Petitioner argues that he did not know about the corrected judgments until he received his federal court records in 2009 and that the records only contained corrected judgments for case numbers 02-706 and 02-398, not 02-530 through 02-538. Our records show that since 2009, the Petitioner has appealed the trial court's rulings in three petitions to reopen his post-conviction petition, a previous habeas corpus petition, and a coram nobis petition. This court affirmed the trial court's first two denials to reopen his post-conviction petition. The trial court granted his third petition to reopen but denied relief. On appeal, this court converted the proceeding to an appeal as of right from the order denying post-conviction relief, but the Petitioner voluntarily dismissed the appeal.

The Petitioner also voluntarily dismissed his appeals of the trial court's rulings on the first habeas corpus petition and the coram nobis petition. The trial court's order in the present case notes that its September 20, 2010 order disposed of the Petitioner's first habeas corpus claim and found that the judgments in 02-530 through 02-538 had been corrected. The Petitioner appealed the decision but voluntarily dismissed the appeal.

As noted above, the corrected judgments were filed on December 2, 2005. They became final thirty days later. *See* T.R.A.P. 4(a). Even if the Petitioner was unaware until 2009 that the judgments had been corrected, the trial court's September 20, 2010 order found that the judgments were corrected. The Petitioner was aware of the ruling at that time because he appealed it, but he chose to voluntarily dismiss his appeal. Time has expired to appeal the corrected judgments. In any event, the corrected judgments do not reflect illegal sentences and do not form a basis for habeas corpus relief. The Petitioner is not entitled to relief on the issue.

## II

The Petitioner contends that the trial court erred in denying relief from his illegal sentences for his rape of a child convictions in case number 02-706. He argues that the victim turned thirteen years old on August 30, 2001, which was within the offense date range listed in the indictment and the judgment. The State did not submit a response to this issue, which was only included in the Petitioner's amended brief.

A rape of a child conviction requires the State to prove that the victim was "more than three (3) years of age but less than thirteen (13) years of age." T.C.A. § 39-13-522(a) (2010). As the trial court noted, the Petitioner's issue with the victim's age concerns the sufficiency of the evidence against him. He claims that the proof did not support his convictions for rape of a child and that the appropriate conviction is for statutory rape when a victim is thirteen years old. A challenge to the sufficiency of the evidence is not a cognizable claim for habeas corpus relief. *See Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973). The Petitioner's pleading guilty to five counts of rape of a child "constitutes an admission of all facts alleged and a waiver of procedural and constitutional defects in the proceedings that occurred before the entry of the plea." *State v. Smith*, 996 S.W.2d 845, 847 (Tenn. Crim. App. 1999). The Petitioner is not entitled to relief on the issue.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE